# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# DETROIT DIVISION

| | |
|---|---|
| EVA M. TRUDEAU, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 2:20-cv-12506 |
| CENTRAL BILLING, LLC D/B/A PACIFIC COLLECTION GROUP | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** the Plaintiff, Eva M. Trudeau ("Plaintiff"), by and through her undersigned attorney, complaining of the Defendant, Central Billing, LLC d/b/a Pacific Collection Group ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Michigan and all of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a debt collector with its headquarters in San Bernardino, California. Defendant's principal purpose is collecting consumer debts originally owed to others.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. At all times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, vendors, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTS SUPPORTING CAUSE OF ACTION

8. Prior to the events leading to this cause of action, Plaintiff allegedly defaulted on a consumer debt ("subject debt").

9. Subsequently, Defendant acquired the right to collect on the subject debt.

10. On August 31, 2020, Defendant sent Plaintiff a text message to her cellular phone in an attempt to collect on the subject debt.

11. In this this communication, Defendant failed to disclose that it was a debt collector.

12. Due to Defendant's failure to disclose that it was a debt collector, Plaintiff was confused and worried by Defendant's text message.

13. Plaintiff was concerned about the potential ramifications of receiving such an unclear message from Defendant.

14. Concerned about the violations of her rights, Plaintiff sought the assistance of counsel.

15. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's deceptive and misleading collection actions.

16. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

17. Plaintiff suffered from emotional distress and mental anguish due to Defendant's unlawful attempts to collect the subject debt, as she was confused what type of entity was trying to contact him.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

19. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

20. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

22. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

23. Defendant used the mail to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant violated 15 U.S.C. §§1692e, e(11), and f through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692e**

25. Defendant violated §1692e when it misleadingly sent Plaintiff a communication without disclosing it was a debt collector. Defendant purposefully attempted to mislead Plaintiff about who was contacting her in an attempt to intimidate Plaintiff into paying the subject debt.

26. Defendant violated §1692e(11) by failing to disclose in its written communication to Plaintiff that the communication was from a debt collector. This

was done intentionally, with the goal of confusing and intimidating Plaintiff into making a payment on the subject debt.

### b. Violations of FDCPA § 1692f

27. Defendant violated §1692f by unfairly and unconscionably failing to inform Plaintiff that it was a debt collector. This served no other purpose but to worry and confuse Plaintiff about who was contacting her and what the letter was for.

28. Defendant intentionally and unconscionably mislead Plaintiff for the sole purpose of panicking Plaintiff and intimidating Plaintiff into making a payment on the subject debt.

**WHEREFORE**, Plaintiff EVA M. TRUDEAU respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 11, 2020          Respectfully Submitted,

                                           /s/ Alexander J. Taylor
                                           Alexander J. Taylor, Esq.
                                           *Counsel for Plaintiff*
                                           Sulaiman Law Group, Ltd
                                           2500 S Highland Ave, Suite 200
                                           Lombard, IL 60148
                                           Telephone: (630) 575-8181
                                           ataylor@sulaimanlaw.com